02-10-006-CV
















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00006-CV

 

 


 
 
 In the Interest of J.C.R. 
 and B.B.N.N., Children
 
 
  
 
 
  
 
 


 

 

------------

FROM THE
362nd District Court OF Denton
COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          Appellant R.N.N. (Father) appeals from
the trial court’s termination of his parental rights to sons J.C.R. and
B.B.N.N.  He does not challenge the
sufficiency of the evidence supporting termination.  Instead, in his sole issue, Father contends
that “[t]he trial court erred in excluding witness testimony and a related
document controverting similar lines of question by [Texas Department of Family
and Protective Services (TDFPS)] and seeking to introduce evidence of [Father’s]
successful parenting of a child born after the removal of the children at
issue.”  Father contends that the
exclusion of the evidence violated his constitutional right to cross-examine “[TDFPS’s]
key witness” and also “deprived [him] of the benefit of a statutory duty on the
part of the court to examine the actions of [TDFPS] in regard to [his]
later-born child.”  Father did not
preserve any constitutional complaints regarding the exclusion of his proffered
evidence.[2]

          Further, even if the trial court abused
its discretion by excluding the proffered evidence, which we do not hold, to
obtain reversal of a judgment based upon an error in the trial court, an
appellant must show that the error occurred and that it probably caused
rendition of an improper judgment or probably prevented the appellant from
properly presenting the case to this court.[3]  We will not reverse a trial court’s judgment
because of an erroneous evidentiary ruling unless the ruling probably caused
the rendition of an improper judgment.[4]  The complaining party must usually show
that the whole case turned on the evidence at issue.[5]  If erroneously admitted or excluded evidence
was crucial to a key issue, the error was likely harmful.[6]  We examine the entire record in making this
determination of harm.[7]

          The excluded evidence shows that the
testifying CPS caseworker

·       
knew
that CPS had received a neglectful supervision referral on Father and Mother after
Mother delivered another baby, V.N., subsequent to the filing of the petition
in this case and the removal of J.C.R. and B.B.N.N.; 

 

·       
believed
that she had seen the report of the referral but did not know specifically what
it alleged;

 

·       
had
no personal knowledge of any act of neglectful supervision committed by either
parent on the first two days of V.N.’s life;

 

·       
believed
that CPS investigated the report but did not know the specifics of the
investigation;

 

·       
knew
that CPS had made a home visit;

 

·       
believed
that it was unannounced and that V.N. was present;

 

·       
did
not know the circumstances of the visit;

 

·       
did
not see a child safety evaluation report; and

 

·       
did not know whether Father and Mother were
notified of the cause of the investigation, the nature of the referral, or the
results of the investigation.

 

          The letter from TDFPS admitted for the
record provides that TDFPS had closed the investigation and ruled it “Unable to
Determine.”

          The excluded evidence pertains to a
referral filed the day after the birth of V.N., a child not the subject of this
appeal who was born to Father and Mother after the petition in this case was
filed and to the witness’s ignorance about details of the referral, the
investigation, and its results.  The only
key issue to which Father attributes the excluded evidence is best interest,
but he does not contend that the case turned on the excluded evidence.  Again, Father does not challenge the
sufficiency of the evidence supporting the trial court’s finding that
termination of his parental rights to J.C.R. and B.B.N.N. is in their best
interest, and our review of the record yields an overwhelming amount of
evidence supporting that finding.

          Consequently, we hold that Father has
not shown that the trial court’s error, if any, in excluding the evidence has probably
resulted in an improper judgment.  We
therefore conclude that any error in excluding the evidence was harmless, overrule
Father’s sole issue, and affirm the trial court’s judgment.

 

                                                                             PER
CURIAM

 

DELIVERED:  February 24, 2011











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 33.1(a); see also
Tex. R. Evid. 103(a)(1).





[3]Tex. R. App. P. 44.1(a); Romero v. KPH Consolidation,
Inc., 166 S.W.3d 212, 225 (Tex. 2005).





[4]Reliance Steel & Aluminum Co. v. Sevcik, 267 S.W.3d 867,
871 (Tex. 2008).





[5]Interstate Northborough P’ship v. State, 66 S.W.3d 213, 220
(Tex. 2001); City of Brownsville v. Alvarado, 897 S.W.2d 750, 753–54
(Tex. 1995).





[6]State v. Cent. Expressway Sign Assocs., 302 S.W.3d 866, 870 (Tex. 2009); Reliance
Steel, 267 S.W.3d at 873.





[7]Interstate
Northborough P’ship, 66 S.W.3d at 220.